Filed 5/26/22  In re J.D. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.D., et al., Persons Coming Under the Juvenile Court Law. | B315373 (Los Angeles County Super. Ct. No. DK19783A–C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.F., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Stacy Wiese, Judge.  Conditionally reversed and remanded with instructions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Jane E. Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## I. INTRODUCTION

J.F. (mother) appeals from the juvenile court's order terminating her parental rights to her children—J.D., A.D., and Jo.D.—contending that the court and the Los Angeles County Department of Children and Family Services (Department) failed to comply with their duties under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related state statutes (Welf. & Inst. Code, § 224 et seq.)[1] and court rules (Cal. Rules of Court, rule 5.480 et seq.). We conditionally reverse the court's order and remand for the limited purpose of ensuring compliance with ICWA's requirements.

---

[1] All further statutory references are to the Welfare and Institutions Code.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

A. *Jurisdiction, Disposition, and Termination of Parental Rights*

On October 6, 2016, the Department filed a section 300 petition alleging that mother and father engaged in domestic violence in the presence of the children and were drug and alcohol abusers.  At the October 6, 2016, detention hearing, mother, the maternal grandmother, and a maternal aunt appeared.[3]  The juvenile court found that the children were persons as described in section 300, temporarily removed them from their parents' custody, placed them in shelter care, and granted the parents weekly visitation.

At the November 30, 2016, jurisdiction/disposition hearing, the juvenile court sustained the allegations of domestic violence between the parents and substance abuse by father.  The court declared the children dependents of the court, removed them from their parents' custody, and ordered the Department to identify suitable placement.  The parents were granted monitored visitation and reunification services.

Despite an extended reunification period, neither parent reunified with the children.  As of May 2017, the children were

---

[2]    Because the sole issue on appeal concerns compliance with ICWA and related state statutes and court rules, we limit our recitation of the facts and procedural background to those matters relevant to compliance, except as necessary for context.

[3]    The record does not indicate the name of the maternal aunt who appeared.

living in foster care and mother was living with the maternal grandmother and a maternal aunt.[4] At the six-month review hearing that month, the juvenile court extended reunification services for six months and, at the 12-month review hearing in November 2017, extended services another 12 months.

In a May 2018 status review report, the Department advised that father had been arrested and imprisoned for attempted murder, that mother had terminated her relationship with him, and that she was living with the maternal grandmother and a maternal aunt named "Nina." At the review hearing later that month, the juvenile court returned the children to mother based on the Department's recommendation. But in September 2018, the Department sought and obtained from the court a removal order that temporarily placed the children with the maternal aunt. Later that month, the Department filed a section 342 petition alleging that mother's continued substance abuse endangered the children. At the October 1, 2018, detention hearing, the court once again detained the children from mother, placed them with maternal aunt "Cenorina," and granted mother monitored visitation. At the November 6, 2018, jurisdiction/disposition hearing, the court sustained the section 342 petition, removed the children from mother, continued their current placement, and granted mother reunification services.

On February 1, 2019, the Department removed the children from maternal aunt "Cenorina's" home and placed them in foster care because, despite the Department's instructions to the

---

[4] The record does not reflect the name of this aunt, but in October 2016, mother reported that she was living with maternal aunt "Paulina".

4

contrary, the aunt continued to allow the maternal grandmother to live with her and another relative in the home had refused to live scan. On April 10, 2019, the Department reported that mother was not participating in her substance abuse programs and her testing for alcohol and other substances had been inconsistent. The Department therefore recommended termination of reunification services; and, on June 7, 2019, the court terminated mother's services and set the matter for a permanency planning review hearing.

In December 2019, because the children were thriving in their foster care placement, the juvenile court identified guardianship as a permanent plan. In May 2020, however, the foster mother agreed to adopt the children. At a January 12, 2021, hearing the court therefore identified adoption as the permanent plan. In May 2021, after the Department recommended termination of parental rights, mother filed a section 388 petition to reinstate reunification services that the court denied. In September 2021, mother renewed her section 388 petition, but the court denied it and instead terminated parental rights.

B.     *ICWA Proceedings*

In connection with the filing of the section 300 petition,  a social worker submitted a form ICWA-010(A) averring that she had asked mother about Indian heritage and confirmed that "[t]he child[ren] ha[d] no known Indian ancestry." Prior to the October 6, 2016, detention hearing, both mother and father submitted ICWA-020 forms stating that they had "no Indian ancestry as far as [they] knew." At the hearing, the juvenile

5

court found that "[t]here is no reason to know that the [ICWA] applies to this case."

In the November 30, 2016, jurisdiction/disposition report, the Department noted that "[o]n 10/6/16, the [juvenile c]ourt found that [ICWA did] not apply." The minute order for that hearing did not mention ICWA, and there is no further indication in the record that the Department provided any new or different information concerning ICWA or that the juvenile court conducted any further proceedings concerning its application.

## III. DISCUSSION

### A. *Inquiry Duties Under ICWA*

A juvenile court and the Department have a duty in every dependency proceeding to determine whether ICWA applies. (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a); *In re H.V.* (2022) 75 Cal.App.5th 433, 437 (*H.V.*); *In re Isaiah W.* (2016) 1 Cal.5th 1, 10–11.) Effective in 2019, California amended its statutory scheme regarding ICWA to conform to changes to the federal regulations concerning ICWA compliance. (*H.V., supra*, 75 Cal.App.5th at p. 437.) The resulting clarification created three distinct ICWA duties. (*Ibid.*) This case concerns the initial inquiry duty. "'At [this] first step, "[s]ection 224.2, subdivision (b) specifies that once a child is placed into the temporary custody of a county welfare department, such as the [Department], the duty to inquire 'includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be,

6

an Indian child."' [Citation.]' (*In re Charles W.* (2021) 66 Cal.App.5th 483, 489 . . . [(*Charles W.*)].)" (*Ibid.*)

We review a parent's claim of inadequate inquiry into a child's Indian ancestry for substantial evidence. (*H.V., supra*, 75 Cal.App.5th at p. 438.)

B.   *Analysis*

Mother contends that the order terminating her parental rights should be reversed because the Department failed to make initial inquiry of extended family members who were readily available for that purpose, including the maternal grandmother and two maternal aunts.[5]  We agree.

Here, the Department confined its initial inquiry into the children's Indian ancestry to mother and father, even though there were additional maternal family members who were readily available to the Department who could have been interviewed, namely, maternal grandmother and maternal aunts.  On this record, we conclude there was no substantial evidence to support the juvenile court's finding that the Department had satisfied its duty of initial inquiry.  Further, we reject the Department's contention that any error in failing to interview available extended family members was harmless.  (See *H.V., supra*, 75 Cal.App.5th at p. 438; *In re J.C.* (2022) 77 Cal.App.5th 70, 80.)

---

[5]    It is unclear whether the Department's references to "Paulina," "Nina," and "Cenorina" was a reference to two or more maternal aunts.

## IV.   DISPOSITION

The order terminating mother's parental rights to the children is conditionally reversed and the matter is remanded with directions to the juvenile court to order the Department to comply with ICWA by making diligent efforts to interview the children's extended family members, as defined by section 224.1, subdivision (c) and 25 U.S.C. section 1903(2), including at least maternal grandmother and the maternal aunt or aunts referred to as "Paulina," "Nina," and "Cenorina."  Based on those efforts, if no further inquiry is required, the court's original order shall be reinstated.  If further inquiry is required, the court shall ensure that the Department complies with all applicable ICWA statutes and regulations, as well as related state statutes and rules.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P.J.

MOOR, J.

8